UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21569-CIV-UNGARO

JOSE G. TAPIA,

    Plaintiff,

v.

FLORIDA CLEANEX, INC. and
LOUIS LOAIZA,

    Defendants.
_____/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21569-CIV-UNGARO

GUSTAVO COLLADO,

    Plaintiff,

v.

FLORIDA CLEANEX, INC. and
LOUIS LOAIZA,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

    THIS CAUSE is before the Court on Defendants Florida Cleanex, Inc. and Luis Loaiza's Motion to Dismiss Because of Lack of Subject Matter Jurisdiction – Mootness. (D.E. 62.) Plaintiffs filed a joint response to the Motion on September 28, 2011. (D.E. 65.)

    THE COURT has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

    These consolidated cases are for unpaid compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiffs seek overtime and liquidated damages.

    On September 16, 2011, Defendants tendered to Plaintiffs two checks, each as an "offer of full relief under the FLSA." (D.E. 62.) Specifically, Defendants sent to Plaintiff Tapia a

check in the amount of $2,704.00 and sent to Plaintiff Collado a check in the amount of $1,326.00 (the "Payments"). Defendants based the Payments on an August 18, 2009 interrogatory response by Plaintiff Tapia and Plaintiff Collado's Federal Rule of Civil Procedure 26 disclosures, served June 18, 2010.

On the same day Defendants tendered the Payments, they filed the instant Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. (D.E. 62.)

## **Analysis**

In the Motion to Dismiss, Defendants argue that the cases are moot, pursuant to *Dionne v. Floormasters Enterprises, Inc.*, 647 F.3d 1109 (11th Cir. 2011), because it has tendered to Plaintiffs "payment in full." (D.E. 62.) In their Response, Plaintiffs contend that the case is not moot because the Payments do not provide for any attorney's fees or costs and, so, do not fully compensate Plaintiffs. (D.E. 65.) Because Plaintiffs dispute that the Payments satisfy their claims, the Court rejects Defendant's contention that the cases are moot and will deny the Motion.

The Court does not find that the Eleventh Circuit Court of Appeals' decision in *Dionne v. Floormasters Enters., Inc.*, 647 F.3d 1109, 1115 (11th Cir. 2011) requires dismissal in these cases, as Defendants contend. In *Dionne*, the court held that an FLSA plaintiff who accepted defendant's tender of full damages was not a prevailing party entitled to attorneys fees.[1]  *Id.* However, the court did not address the district court's ruling that the tender mooted Plaintiff's claims.

Absent any appellate authority on point, the Court agrees with the analysis of the courts in

---

[1] This case is also distinguishable from *Dionne*. Here, the parties dispute that defendant's tender is in full satisfaction of the damages sought by Plaintiff. In *Dionne*, the plaintiff "agree[d] that . . . Defendant ha[d] tendered full payment to Plaintiff . . ." *Dionne*, 647 F.3d at 1111. Also, in *Dionne,* Defendant immediately tendered payment at the very beginning of the case. Here, Defendants have litigated for over two years.

this circuit that have held that a defendant's unilateral tender of a settlement amount does not necessarily moot plaintiff's claims and deprive the court of subject matter jurisdiction. *See Klinger v. Phil Mook Enters.*, Case No.8:11-cv-1586-T-27TGW, D.E. 12 (holding that allowing defendants to avoid responsibility for Plaintiff's attorneys fees "merely by tendering full payment *after* litigation has commenced" would run counter to goals of the FLSA of fully compensating wronged employees); *Balthazor v. ARS Nat'l Servs., Inc.*, 2011 WL 3627701, *2 (S.D. Fla. Aug. 18, 2011) (Cohn, J.) (finding that approval of dismissal upon a "mere offer of full damages" would "eviscerate the procedures set forth in Rule 68"); *Manfred v. Focus Receivables Mgmt., LLC*, Case No. 10-60597-Civ-Zloch, D.E. 29 (same).

Federal Rule of Civil Procedure 68 is the proper avenue for making an offer of settlement with the mootness effect Defendants desire. Indeed, an offer of judgment pursuant to that rule, "providing the plaintiff with the maximum allowable relief," will generally moot the plaintiff's claim. *Moore v. Hecker*, 250 F.R.D. 682, 684 (S.D. Fla. 2008) (citations and quotations omitted); *see also Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp.2d 1211, 1218–19 (M.D. Fla.2003) (dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer where offer exceeded amount plaintiff could have received at trial). The Court is not aware of any Rule 68 offer of judgment in this case and rejects Defendants' attempt to circumvent the requirements of Rule 68 by their tender to Plaintiffs.

Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Dismiss (D.E. 62) is DENIED.


DONE AND ORDERED in Chambers at Miami, Florida, this _12th__ day of October, 2011.

                                                                                 /s/ Ursula Ungaro
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record